# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA BIBLE COLLEGE, an Indiana Nonprofit Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>FRED BOCK MUSIC COMPANY, INC., a California Corporation;<br>DR. ROSEPHANYE POWELL; and<br>DOE DEFENDANTS 1–100 (fictitious),<br><br>        Defendants. | Civil Action No.:<br><br>Demand for Jury Trial |

## COMPLAINT

Comes now Plaintiff Indiana Bible College ("IBC" or "Plaintiff"), by counsel, and for its Complaint against Fred Bock Music Company, Inc. ("Fred Bock") and Dr. Rosephanye Powell ("Dr. Powell") collectively "Defendants", state:

## THE PARTIES

1.     IBC is an Indiana nonprofit corporation with its principal place of business in Indianapolis, Marion County, Indiana.

2.     Fred Bock is a California corporation with its principal place of business in Los Angeles County, California. Fred Block owns Gentry Publication ("Gentry") as a brand of its publishing groups.

3.     Dr. Powell is a citizen and resident of Lee County, Alabama.

4.     Doe Defendants 1–100 are individuals or entities whose identities are unknown but who have published or republished defamatory statements or induced business interference.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim for declaratory relief arises under the Copyright Act of 1976 (17 U.S.C. §§ 101 et seq.).

6.      This Court also has exclusive jurisdiction over any claim for relief arising under the Copyright Act pursuant to 28 U.S.C. § 1338(a).

7.      This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

8.      This Court has supplemental jurisdiction over Plaintiff's state-law claims for defamation and tortious interference pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative facts as the copyright claim.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2) because a substantial part of the events giving rise to the claims occurred in Marion County, Indiana, and pursuant to the parties' agreement selecting Marion County, Indiana for disputes under their license agreement.

## FACTS COMMON TO ALL CLAIMS

10.      Plaintiff is an owner and exclusive licensee of a musical setting of the biblical text John 1:1–4, titled "John 1" (the "Composition").

11.      The significant musical elements were independently composed in the summer of 2024.

12.      Defendants have publicly asserted that "John 1" infringes Dr. Powell's copyrighted motet "The Word Was God," which sets the same public-domain text.

13.    On May 23, 2025, Gentry, Fred Bock, and Dr. Powell served a cease-and-desist letter on IBC claiming that "John 1" is derivative of "The Word Was God."

14.    Defendants have published and amplified false statements across Dr. Powell's and Fred Bock's social-media channels, encouraged others to renounce John 1 and IBC, and used Indy Star to publish an article accusing IBC and its writers of unauthorized derivative, copyright infringement, and intellectual dishonesty, among other things.

15.    Those statements are false, were made with actual malice or reckless disregard for the truth, and have caused reputational harm, loss of prospective contracts, and enrollment and related inquiries at IBC, questioning its integrity.

16.    The false statements have further garnered hostility toward IBC's writers and composers, such that they are seeking direct messages and contact from third parties and the Defendants' counsel questioning their intent and involvement in the creation of John 1.

17.    Third parties have viewed, shared, or reposted Defendants' statements, further damaging Plaintiff's business and personal reputations.

18.    Defendants have intentionally and wrongfully interfered with IBC's business relationships by inducing venues, publishers, and worship communities to cease using or promoting the Composition.

19.    On May 29, 2025, Defendants retained counsel and delivered a cease-and-desist letter to Plaintiff, alleging copyright infringement and threatening lawsuit unless Plaintiff complied with their demands.

## COUNT I – DECLARATORY JUDGMENT

20.     Plaintiff repeats and realleges paragraphs 1–19.

21.     An actual and justiciable controversy exists concerning whether "John 1" infringes any of the Defendants' copyrights in "The Word Was God."

22.     Plaintiff contends that its Composition is original, independently created, and non-infringing as to any protectable elements of "The Word Was God."

23.     Plaintiff is entitled to a declaration that "John 1" does not infringe and is not a derivative work of "The Word Was God."

## COUNT II – DEFAMATION

24.     Plaintiff repeats and realleges paragraphs 1–23.

25.     Defendants published false statements of fact regarding Plaintiff's purported infringement, copying, and plagiarism.

26.     Those statements were defamatory per se because they impute professional misconduct and dishonesty.

27.     Defendants knew or recklessly disregarded the falsity of those statements.

28.     As a direct and proximate result, Plaintiff has suffered special and general damages, including loss of reputation and business opportunities.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

29.     Plaintiff repeats and realleges paragraphs 1–26.

30.     Plaintiff had valid prospective business relationships with students, composers, worship communities, venues, and publishers for the use of the Composition and others.

31.     Defendants, without privilege or justification, intentionally and willfully induced third parties to terminate or refrain from entering into contracts for use of the Composition, thereby threatening Plaintiff's credibility and integrity.

32.     Defendants' conduct was malicious and proximately caused economic harm to Plaintiff.

33.     Therefore, Plaintiff is entitled to compensatory and punitive damages for tortious interference with its business relationships in an amount to be proven at trial, together with its costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

34.     Declare that "John 1" does not infringe and is not a derivative work of "The Word Was God."

35.     Award Plaintiff compensatory and punitive damages for defamation and tortious interference.

36.     Enjoin Defendants from publishing or republishing any further defamatory statements or making infringement threats against Plaintiff.

37.     Order Defendants to remove from all websites and social-media channels any and all defamatory statements concerning Plaintiff, and to publish a formal retraction and apology in the same media in which the defamatory content appeared, including IndyStar.

38.     Award Plaintiff its costs, attorneys' fees, and such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: June 2, 2025                    Respectfully submitted,

                                       KATIE CHARLESTON LAW, PC

                                       /s/ *Katie M. Charleston*
                                       Katie M. Charleston, Atty. No. 35139-29
                                       1905 S. New Market St., Ste. 169
                                       Carmel, IN 46032
                                       Phone: 317-663-9190
                                       FAX: 317-279-6258
                                       Email: katie@katiecharlestonlaw.com